1  VENABLE LLP
   Lee S. Brenner (SBN 180235)
2  lsbrenner@venable.com
   2049 Century Park East, Suite 2300
3  Los Angeles, California 90067
   Telephone: (310) 229-9900
4  Facsimile: (310) 229-9901

5  Meaghan H. Kent (*pro hac vice* pending)
   mhkent@venable.com
6  Alicia M. Sharon (SBN 323069)
   asharon@venable.com
7  600 Massachusetts Ave.
   Washington, D.C. 20001
8  Telephone: (202) 344-4000
   Facsimile: (202) 344-8300

9

10 *Attorneys for Plaintiff* MATTEL, INC.

11          **UNITED STATES DISTRICT COURT**

12      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  MATTEL, INC., a Delaware corporation, | Case No. 2:22-CV-5702 |
| 15 | |
| 16                    Plaintiff, | **PLAINTIFF MATTEL, INC.'S COMPLAINT FOR:** |
| 17           v. | |
| 18  RAP SNACKS, INC., a Florida corporation, and DOES 1 through 10, | **(1)  FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** |
| 19                    Defendants. | **(2)  FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))** |
| 20 | |
| 21 | **(3)  FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))** |
| 22 | |
| 23 | **(4)  STATE UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)** |
| 24 | |
| 25 | |
| 26 | **JURY TRIAL DEMANDED** |

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

COMPLAINT

Plaintiff Mattel, Inc. ("Mattel" or "Plaintiff") for its complaint against Rap Snacks, Inc. ("Rap Snacks" or "Defendant") and DOES 1-10, hereby alleges as follows:

## **NATURE OF THE ACTION**

1.  For decades, Mattel's Barbie has been one of the world's most well-known and recognizable brands. From Barbie's origins as America's first fashion doll to the expansive product line of today, which includes dolls inspired by Rosa Parks, Jane Goodall, and Eleanor Roosevelt, among other role models, Barbie has inspired the limitless potential in generations of children through play. Barbie has also become a growing franchise and popular culture phenomenon outside of the toy aisle, from an established array of Barbie-branded consumer products, to a broad range of popular animated television series and specials, and more recent initiatives like the upcoming live-action Barbie theatrical film, all produced or licensed and supported by Mattel.

2.  Mattel encourages people of all ages and backgrounds to talk about and share their Barbie experiences, and to celebrate their enthusiasm for Barbie. Occasionally, however, some put profits ahead of play and seek commercial gain by manufacturing, promoting and selling Barbie-branded products without Mattel's permission, in a way that harms and dilutes the famous and distinctive Barbie brand. This is such a case.

3.  Rap Snacks made the deliberate and calculated choice to launch a new product line using Mattel's famous BARBIE trademark. That choice, made without any prior notice to Mattel, was unlawful. As a result, Mattel has been forced to bring this lawsuit to defend its rights to the BARBIE brand because Defendant Rap Snacks impermissibly traded off, and continues to trade off, the value and goodwill of Mattel's famous trademark.

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

4.      Without Mattel's authorization or prior knowledge, Rap Snacks purposely, and with much fanfare, launched its new line of potato chips using Mattel's BARBIE trademark on its packaging and advertising, including the stylized BARBIE trademark. Defendant's blatant and intentional use of Mattel's trademark will cause consumers to associate the Defendant's products with Mattel and its BARBIE brand, and that false association is enhanced even further by Defendant's use of imagery and colors that are associated with the BARBIE brand. On information and belief, the association is so evident that upon seeing the packaging, representatives for Defendant's celebrity partner queried whether Rap Snacks had obtained permission from Mattel. Indeed, Rap Snacks never requested or received any such permission from Mattel. Rap Snacks proceeded to launch its product line anyway using the packaging set forth below:



5.      Defendant flooded social media and marketing channels with a massive, unauthorized nationwide promotional launch of potato chips prominently featuring Mattel's Barbie trademark, including on a New York City billboard, promotional potato chip giveaways at a music festival in New Orleans, an exclusive article announcing the launch in *People* magazine, and continual posts and videos across multiple social media platforms including, Facebook, Twitter, Instagram, LinkedIn, and TikTok. By way of example only, Rap Snacks' launch included the following:

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

2

*Billboard in New York City:*



6.     Upon learning of this infringement, Mattel immediately engaged with Defendant to attempt to resolve this matter. Defendant, however, refused to cease use of the BARBIE trademark and issued no corrective advertising, thereby forcing Mattel to bring this lawsuit as a last resort to protect its rights and prevent further consumer confusion.

7.     This action seeks judgment, damages and injunctive relief for Defendant's willful infringement of Mattel's famous BARBIE trademark, for unfair competition and false designation of origin, trademark dilution, and unfair competition under California state law. Mattel also seeks its attorneys' fees and costs herein, as well as an accounting of Rap Snacks' profits resulting from its decision to infringe Mattel's trademark.

## JURISDICTION AND VENUE

8.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq* and contains a related California statutory claim. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, as this is an action arising under the laws of the United States and relating to trademarks. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367, as that claim is part of the same case or controversy as the federal claims alleged herein.

9.     This Court has personal jurisdiction over Defendant Rap Snacks

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

because, among other things, Rap Snacks is doing business in the state of California. Indeed, Rap Snacks purposefully directs and conducts business in California generally and specifically as to the product at issue, the acts of infringement complained of in this action took place in the state of California, and the acts of infringement complained of in this action involve Rap Snacks entering into a contract with a resident of California. In fact, Rap Snacks' own website reveals that its products are available in stores in California, including in this judicial district. *See https://www.rapsnacks.net/pages/store-locator*.

10.    Defendant Rap Snacks also knowingly directed tortious acts at Mattel in California, and has committed tortious acts that it knew would cause injury to Mattel in California.

11.    Venue is proper in this district pursuant to 28 U.S.C § 1391(b) because a substantial part of the events that give rise to this action occurred in this judicial district.

## THE PARTIES

12.    Mattel is a corporation organized and existing under the laws of Delaware and has its principal place of business at 333 Continental Boulevard, TWR 15-1, El Segundo, California 90245.

13.    Upon information and belief, Defendant Rap Snacks is a corporation organized and existing under the laws of Florida and has its principal place of business at 150 SE 2nd Avenue, Suite PH6, Miami, Florida 33131.

14.    Mattel is currently unaware of the identities of defendants Does 1-10, and therefore, sues such defendants by such pseudonyms. Upon information and belief, discovery will reveal the true identities and specific conduct of those defendants and Mattel will then amend this Complaint to identify those defendants by name. Mattel alleges that Does 1-10 participated in the misconduct alleged herein, and are therefore liable for the same. Mattel alleges that, at all times, each Doe defendant was acting as an agent, partner, joint venturer, an integrated

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

enterprise or alter ego of each of the other defendants and each were co-conspirators with respect to the wrongful conduct alleged herein so that each is responsible for the acts of the other.  Moreover, Does 1-10 not only participated in the infringing acts alleged herein, but each was a moving, active and conscious force behind Rap Snacks' and the other defendants' decision to engage in the infringing acts, or otherwise caused the infringement by Rap Snacks to occur.

## GENERAL ALLEGATIONS

### Mattel's Famous BARBIE Trademark

15.     Since 1959, Mattel has used BARBIE as a source identifier for its line of dolls, becoming one of the most popular and valuable trademarks in the world ("BARBIE trademark"). Over the ensuing six decades, Mattel has used the BARBIE trademark on thousands of different BARBIE-branded products, and BARBIE has become a household name and famous trademark. Mattel offers and sells its products worldwide through major retailers, online marketplaces, and its own website.

16.     On the strength of this strong consumer recognition, the BARBIE trademark also long ago expanded beyond toys and into a broad range of commercial and consumer products, including, but not limited to, clothing, footwear, cosmetics, books, movies, games, puzzles, jewelry, bags, backpacks, bedding, kitchenware, and food items.

17.     In fact, through licensees of the famous BARBIE brand, Mattel currently sells food and snack products under the BARBIE trademark, including but not limited to significant sales of pasta, candy, cookies, drinks, and fruit snacks.

18.     Mattel has used a handful of variations of its stylized trademark over

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

its decades of use, including:

*Barbie*  *Barbie*  *Barbie*  *Barbie*

19.    Not only has Mattel gained significant common law trademark and other rights in its BARBIE-branded products through use, advertising, and promotion, but Mattel has also protected these valuable rights by filing for and obtaining federal trademark registrations.

20.    Mattel owns dozens of United States Trademark Registrations for its BARBIE and BARBIE-formative marks, covering a broad range of goods and services, and including word marks and its stylized mark.

21.    For example, Mattel owns registrations for BARBIE covering "time pieces, specifically wrist watches" (U.S. Reg. No. 0772298), "insulating containers, specifically, vacuum bottles for preserving food and drinks" (U.S. Reg. No. 0813733), "hand mirrors" (U.S. Reg. No. 0816601), "purses and cosmetic cases" (U.S. Reg. No. 1795876), "bandages for skin wounds" (U.S. Reg. No. 1795564), "facial tissues and stickers for fingernails" (U.S. Reg. No. 1769285), and "hair bands" (U.S. Reg. No. 2203306). Attached at Exhibit A hereto is a schedule of Mattel's U.S. registrations for BARBIE and BARBIE-formative marks, many of which are incontestable pursuant to 15 U.S.C. § 1065.

22.    Notably, Mattel owns a trademark registration for the BARBIE word mark (U.S. Reg. No. 2678386) covering, among other things, "Edible cake decorations, candy, cookies, chocolate candy" in International Class 30.

23.    Mattel also owns a trademark application for the BARBIE word mark (U.S. Serial No. 97530796) covering  "Fruit-based snack food" in International Class 29. This application asserts a first use date of February 13, 2017.

24.    Mattel's BARBIE trademark is also considered "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). In fact, now-

Justice Sonia Sotomayor wrote that "by any measure – the world-known BARBIE is a 'famous' trademark under the Federal Anti-Dilution Act."[1]

25.    Mattel has spent substantial time, money, and resources in building up and developing consumer recognition, awareness, and goodwill in its BARBIE trademark.

26.    Mattel has spent years marketing, promoting, and advertising its BARBIE branded products through multiple channels worldwide, including on television, and through print and internet-based advertising.

27.    The success of the BARBIE trademark is also due to Mattel's high-quality designs, materials, and processes in developing and creating BARBIE-branded products, as well as its selective partnerships with manufacturers, distributors, and other brands.

28.    The BARBIE trademark's fame is supported by its licensed use in films and popular media. For example, a live-action film based on the BARBIE fashion doll line is set for release in 2023 and is already receiving significant attention.[2] In addition, BARBIE has appeared in other films, including the *Toy Story* franchise[3]; has been depicted in a painting by the artist Andy Warhol[4]; has landed the cover of *Time Magazine*[5]; and is part of the Smithsonian Institution's collection in the National Museum of American History.[6]

29.    The fame of the BARBIE trademark also extends to the internet and social media. The BARBIE Instagram account (@barbie) boasts over 2.1 million

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

---

[1] *Mattel, Inc. v. Jcom, Inc.*, 1998 U.S. Dist. LEXIS 16195, *9 (S.D.N.Y. Sep. 10, 1998).
[2] Ranyechi Udemezue, Everything You Need To Know About Greta Gerwig's *Barbie*, Vogue, July 14, 2022, https://www.vogue.com/article/everything-you-need-to-know-greta-gerwig-barbie.
[3] TOY STORY 2 (Walt Disney Pictures 1999), TOY STORY 3 (Walt Disney Pictures 2010).
[4] Hannah Moore, Why Warhol painted Barbie, BBC, Oct. 1, 2015, https://www.bbc.com/news/magazine-34407991.
[5] INSIDE THE BIGGEST CHANGE IN BARBIE'S 57-YEAR HISTORY- AND WHAT IT SAYS ABOUT AMERICAN BEAUTY DEALS, TIME, http://time.com/barbie-new-body-cover-story/.
[6] SMITHSONIAN INSTITUTION, https://www.si.edu/object/nmah_1155897 (last visited July

7

followers[7] and @barbiestyle has 2.2 million[8]; the BARBIE YouTube channel has over 3.5 billion views[9]; and the BARBIE TikTok account has amassed over 4.5 million likes on its posts.[10]

30.    As a result of Mattel's efforts, its BARBIE trademark has achieved near universal recognition among the general consuming public in the United States and consumers have come to associate BARBIE exclusively with Mattel.

31.    Mattel has gone to great lengths to protect its interest in its valuable BARBIE trademark. No one other than Mattel and its authorized licensees and distributors is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the BARBIE trademark without the express permission of Mattel.

**Defendant Rap Snacks' Infringing Activities**

32.    Upon information and belief, Defendant Rap Snacks is a snack food company that sells chips, popcorn, cheese puffs, noodles, and drinks.

33.    Upon information and belief, Rap Snacks markets, promotes, advertises, and sells its snack food products through physical retailers, including but not limited to, Walmart, Kroger, 7-Eleven, Circle K, Sav A Lot, and other retail stores throughout the United States, including California.

34.    Rap Snacks also markets, promotes, advertises, and sells its snack food products through multiple online channels, including but not limited to social media (e.g., Instagram, Facebook, Linkedin, Twitter, and TikTok), as well as Amazon, and on its website, https://www.rapsnacks.net/.

***With Much Fanfare, Rap Snacks Launches Its New Product Line by Intentionally Infringing Mattel's Trademark and Causing Actual Confusion***

35.    Without permission or consent from Mattel, and despite having actual notice of Mattel's rights in its BARBIE trademark, on or around June 30, 2022,

[7] @barbie, Instagram (July 26, 2022, at 3:15 PM), https://www.instagram.com/barbie/?hl=en.
[8] @barbiestyle, Instagram (Aug. 1, 2022, at 11:50 AM), https://www.instagram.com/barbiestyle.
[9] Barbie, *Barbie,* YouTube (July 26, 2022), https://www.youtube.com/c/barbie/about.
[10] @barbie, TikTok (July 26, 2022), https://www.tiktok.com/@barbie.

8
COMPLAINT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Rap Snacks announced the launch of a new line of potato chips featuring BARBIE prominently on packaging.

*Rap Snacks Product Packaging:*



36.   Not only does the name of Rap Snacks' product packaging wholly incorporate Mattel's BARBIE trademark, but the logo is confusingly similar to the current BARBIE logo, and virtually identical to another version of the BARBIE logo used by Mattel, demonstrating Rap Snacks' blatant copying of Mattel's Barbie logos:

| Rap Snacks' Infringing Stylized Use | Mattel's Current Stylized Logo | Mattel's Alternative Stylized Logo |
|---|---|---|
| *Barbie Honey* | *Barbie* | *Barbie* |

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

37.    In addition, Rap Snacks use of the BARBIE trademark in connection with snack food items is made even more confusing to consumers by the fact that Mattel advertises and sells its own line of snack foods—such as pasta, candy, cookies, drinks, and fruit snacks—using a virtually identical stylized BARBIE trademark, as shown below.



38.    Rap Snacks' promotional campaign and use of BARBIE for its chip venture has been extensive, involving New York City billboards, promotional chip giveaways at a music festival in New Orleans, an exclusive article announcing the launch in a popular national magazine, and continual posts and videos across multiple social media platforms (e.g., Facebook, Twitter, Instagram, LinkedIn, and TikTok).

*Rap Snacks' Promotional Post on Instagram:*



*Rap Snacks' Photos of Chip Giveaway At New Orleans Festival on Facebook:*



39.     Rap Snacks' announcement has also been picked up by a variety of other media outlets.

40.     Rap Snacks' promotional campaign has also promised special contests, exclusive content for VIP members such as early access to preview new flavors and packaging designs, as well as product ordering:



41.     Rap Snacks' unlawful and infringing use has already led to actual consumer confusion with consumers falsely believing that Mattel has authorized

11

COMPLAINT

this use of its BARBIE trademark, and the continued use is likely to cause continued consumer confusion.

42.     In preparation for the launch of the above referenced chips, on April 4, 2022, James Lindsay, the Chief Executive Officer of Rap Snacks, filed with the United States Patent and Trademark Office ("USPTO") an intent-to-use trademark application to register the word BARBIE-QUE (U.S. App. No. 97/346,582) (the "BARBIE-QUE Application") in connection with a wide variety of food products and beverages in International Classes 29 and 30, including but not limited to, chips, cookies, fruit-based snack food, candy-coated popcorn, chocolate candies, and snacks.

43.     Upon learning of the infringement, Mattel contacted Rap Snacks directly regarding the use and attempted registration of BARBIE-QUE, notifying Defendant that the use and attempted registration of BARBIE-QUE constitutes trademark infringement, and demanding that Rap Snacks immediately cease use of BARBIE on or in connection with its products, and withdraw or abandon the BARBIE-QUE Application. To date, Rap Snacks has failed to do so, and has made no effort to correct the misimpressions it foisted on the public. Rather, having benefitted from launching its new product line by infringing Mattel's trademark, on information and belief, Rap Snacks has chosen to continue to use BARBIE on and in connection with its new product line.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

### (Against Defendant Rap Snacks & Does 1-10)

44.     Mattel repeats and realleges the foregoing paragraphs as if fully set forth herein.

45.     Mattel owns numerous valid and protectable federal trademark registrations for BARBIE, as shown at Exhibit A hereto. The BARBIE marks are distinctive by virtue of their inherent and acquired distinctiveness, extensive use,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

prominence in intended and unsolicited media attention, and publicity.

46.     As described in more detail herein, Defendant has begun promoting, advertising and distributing chips featuring the BARBIE trademark in the United States.

47.     Defendant's use of BARBIE, including its use of the BARBIE-QUE branding, is confusingly similar to Mattel's BARBIE trademark in sound, appearance, and overall commercial impression as it incorporates the entirety of Mattel's BARBIE mark. Rap Snacks' use of the stylized BARBIE branding on packaging is in fact virtually identical to Mattel's stylized BARBIE mark. Having engaged in this unlawful behavior, Defendant has evidenced its clear intent to cause confusion, and it cannot now avoid the claims by minimizing its unlawful use.

48.     In addition, the chips promoted by Rap Snacks and associated with Mattel's BARBIE brand are highly related to the snack food products offered by Mattel under its BARBIE trademark.

49.     Upon information and belief, consumers who encounter Rap Snacks' advertising of its chips are likely to believe that this product is sourced from or is affiliated with Mattel. Rap Snacks' use of BARBIE and BARBIE-QUE in the manner described herein has already caused and is likely to cause further confusion, mistake, or deception as to the affiliation, connection, or association of Rap Snacks with Mattel, and/or as to the origin, sponsorship, or approval of Rap Snacks' chips by Mattel. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

50.     Rap Snacks' conduct is without Mattel's permission or authority. Prior to beginning its use, Rap Snacks had actual knowledge of Mattel's senior rights in its BARBIE trademark. As a result, Rap Snacks has committed its infringement with full knowledge of Mattel's rights in the BARBIE trademark and has willfully, deliberately, and maliciously engaged in the described acts with an

intent to injure Mattel and to deceive the public.

51.     Rap Snacks has traded and is trading on, and has gained and is gaining public acceptance and other benefits from, the favorable reputation and valuable goodwill of Mattel's BARBIE trademark, which have accordingly been placed at risk and damaged by Rap Snacks' unlawful actions and conduct.

52.     Upon information and belief, Rap Snacks has profited from this infringement.

53.     This is an exceptional case under 15 U.S.C. § 1117(a).

54.     Rap Snacks' and Does 1-10's willful conduct has caused damage to Mattel in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

55.     In light of the foregoing, Mattel is entitled to injunctive relief, and to recover from Rap Snacks and Does 1-10 all damages, including lost profits and attorneys' fees and costs of corrective advertising to mitigate damages, that Mattel has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Mattel is also entitled to an accounting of Rap Snacks' and Does 1-10's profits resulting from its Lanham Act violations.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

### (Against Defendant Rap Snacks & Does 1-10)

56.     Mattel repeats and realleges the foregoing paragraphs as if fully set forth herein.

57.     As described in more detail in the foregoing paragraphs, Defendant Rap Snacks has begun promoting, advertising and distributing chips featuring the BARBIE trademark in the United States.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

58.   Upon information and belief, consumers who encounter Defendant's use and advertising of BARBIE, including the name of defendant's products that incorporate Mattel's BARBIE trademark, are likely to believe that this product is sourced from or is affiliated with Mattel. Thus, Rap Snacks use of BARBIE, including in the BARBIE-QUE name, in connection with chips, has already caused and is likely to cause further confusion, mistake, or deception as to the affiliation, connection, or association of Rap Snacks with Mattel, or as to the origin, sponsorship, or approval of Rap Snacks' chips by Mattel. Such use constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

59.   Upon information and belief, Rap Snack's conduct was designed and undertaken for the purpose of unfairly competing with Mattel.

60.   Rap Snacks' conduct is without Mattel's permission or authority. Prior to beginning its use, Rap Snacks had actual knowledge of Mattel's senior rights in its BARBIE trademark. As a result, Rap Snacks has committed its infringement with full knowledge of Mattel's rights in the BARBIE trademark and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Mattel and to deceive the public.

61.   Rap Snacks has traded and is trading on, and has gained and is gaining public acceptance and other benefits from, Mattel's favorable reputation and valuable goodwill, which have accordingly been placed at risk and damaged by Rap Snacks' illegal actions and conduct.

62.   Upon information and belief, Rap Snacks and Does 1-10 have each profited from this unfair competition and false designation of origin.

63.   This is an exceptional case under 15 U.S.C. § 1117(a).

64.   Rap Snacks' willful conduct has caused damage to Mattel in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

65.     In light of the foregoing, Mattel is entitled to injunctive relief, and to recover from Rap Snacks and Does 1-10 all damages, including lost profits and attorneys' fees, that Mattel has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Mattel is also entitled to an accounting of Rap Snacks' and Does 1-10's profits resulting from its Lanham Act violations.

### THIRD CAUSE OF ACTION

### (Federal Dilution under 15 U.S.C. § 1125(c))

### (Against Defendant Rap Snacks & Does 1-10)

66.     Mattel repeats and realleges the foregoing paragraphs as if fully set forth herein.

67.     Mattel's BARBIE trademark is "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that it is widely recognized by the general consuming public of the United States as a designation of source of Mattel's products, including snack products, as set forth above in paragraphs 16 through 35.

68.     The BARBIE trademark is distinctive by virtue of its inherent and acquired distinctiveness, extensive use, prominence in intended and unsolicited media attention, and publicity. Indeed, numerous articles have recognized BARBIE as "famous." As a result of the substantial inherent and acquired distinctiveness, as well as Mattel's widespread use of BARBIE, Mattel's BARBIE trademark has become a strong and widely respected symbol for Mattel and the related products it represents.

69.     As described in more detail in the foregoing paragraphs, through its promotion, advertising and distribution of chips featuring the BARBIE trademark, Rap Snacks has used "BARBIE" in connection with chips in commerce, and such use and promotion began long after Mattel's BARBIE trademark became famous.

70.     Rap Snacks' use of BARBIE, including in the BARBIE-QUE name, as described above is likely to cause dilution by blurring because the association among ordinary consumers arising from Rap Snacks' use of BARBIE in connection with chips or snack foods is likely to impair the distinctiveness of Mattel's famous BARBIE trademark in violation of 15 U.S.C. § 1125(c)(2)(B).

71.     Rap Snacks' unauthorized use of BARBIE, including in its BARBIE-QUE brand, as described above is likely to cause dilution by tarnishment because the association among ordinary consumers arising from Rap Snacks' use of BARBIE in connection with chips or snack foods is likely to harm the reputation of Mattel's famous BARBIE trademark in violation of 15 U.S.C. § 1125(c)(2)(C).

72.     Rap Snacks' conduct is without Mattel's permission or authority. Prior to beginning its use, Rap Snacks had actual knowledge of Mattel's senior rights in its BARBIE trademark. As a result, Rap Snacks has committed its infringement with full knowledge of Mattel's rights in the BARBIE trademark and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Mattel and to deceive the public.

73.     Upon information and belief, Rap Snacks has profited from this trademark dilution.

74.     This is an exceptional case under 15 U.S.C. § 1117(a).

75.     Rap Snacks' willful conduct has caused damage to Mattel in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

76.     In light of the foregoing, Mattel is entitled to injunctive relief, and to recover from Rap Snacks and Does 1-10 all damages, including lost profits and attorneys' fees, that Mattel has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## FOURTH CAUSE OF ACTION

### (State Unfair Competition, Cal. Bus. & Prof. Code § 17200)

### (Against Defendant Rap Snacks & Does 1-10)

77.     Mattel repeats and realleges the foregoing paragraphs as if fully set forth herein.

78.     Rap Snacks' conduct alleged herein constitutes false designation of origin under 15 U.S.C. § 1125(a). Rap Snacks' conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Mattel's valuable intellectual property rights. Upon information and belief, Rap Snacks has profited from this infringement.

79.     Rap Snacks' conduct has directly and proximately caused and will continue to cause Mattel substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of Mattel's BARBIE trademark, for which there is no adequate remedy at law.

80.     In light of the foregoing, Mattel is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Rap Snacks from engaging in further such unlawful conduct, as well as any and all other relief available under Section 17200.

## PRAYER FOR RELIEF

WHEREFORE, Mattel requests that judgment be entered in its favor and against Defendant Rap Snacks and Does 1-10 as follows:

A.     For an order and judgement that Defendant Rap Snacks has infringed Mattel's BARBIE trademark in violation of Mattel's rights under federal law and/or California law;

B.     For an order and judgement that Defendant Rap Snacks has unfairly competed with Mattel in violation of Mattel's rights under 15 U.S.C. §

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1125(a) and/or California law;

C.    For an order and judgement that Defendant Rap Snacks' conduct has diluted Mattel's famous BARBIE trademark in violation of 15 U.S.C. § 1125(c);

D.    For an order and judgement that Defendant Rap Snacks has acted in bad faith, willfully, intentionally, and/or with reckless disregard to Mattel's rights;

E.    For an order permanently enjoining and restraining Defendant Rap Snacks, and its agents, affiliates, subsidiaries, parents, officers, directors, servants, attorneys, employees, and assigns, and all persons in active concert or participation with them, from:

   i.   Using the BARBIE trademark, any mark incorporating BARBIE, or any confusingly similar mark in connection with the sale or advertisement of goods or services in the United States;

   ii.  Using the BARBIE trademark directly or indirectly in connection with the sale or advertisement of goods or services in any location, including on any website, or in any grocery store or other retail outlet;

   iii. Engaging in conduct intended to mislead consumers through false advertising such as that specified in this Complaint or other similar advertisements intended to mislead or confuse consumers or disparage or dilute Mattel's BARBIE trademark; and

   iv.  Engaging in any activity that is intended to, or has the effect of, causing Rap Snacks or any other person to tarnish Mattel's BARBIE trademark in any way;

F.    For an order requiring Defendant Rap Snacks to permanently remove

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

any advertising or physical product bearing the BARBIE-QUE brand from any location, including any website, grocery store, or retail outlet.

G.    For an order requiring Defendant Rap Snacks to file with the Court and serve upon Mattel within fifteen (15) days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant Rap Snacks has complied with the injunction;

H.    For an order pursuant to 15 U.S.C. § 1119 cancelling any trademark registrations for BARBIE-QUE that may issue during the pendency of this litigation;

I.    For an order requiring Defendant Rap Snacks and Does 1-10 to account for and pay over to Mattel all profits derived by Defendant Rap Snacks from the use of BARBIE, including in the BARBIE-QUE name, and for all damages sustained by Mattel by reason of Defendant Rap Snacks' acts of infringement, false designation of origin, unfair competition, and injury to business reputation complained of in this Complaint, and that such amounts be held in constructive trust for Mattel;

J.    For an order awarding Mattel:

   i.    All profits derived by Defendant Rap Snacks' wrongful acts complained of herein;

   ii.    All damages sustained by reason of Defendant Rap Snacks' wrongful acts complained of herein;

   iii.    Treble the amount of actual damages suffered by Mattel under 15 U.S.C. § 1117(a);

   iv.    Punitive and exemplary damages in an amount sufficient to deter and punish Defendant Rap Snacks for its willful and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

wrongful acts;

     v.   Costs of corrective advertising to mitigate Mattel's damages;

    vi.   Its costs incurred in this action;

   vii.   Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

  viii.   Pre-judgment and post-judgment interest

K.     Such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mattel demands a jury trial on all issues so triable.

DATE: August 11, 2022    VENABLE, LLP

                          By:   */s/ Lee S. Brenner*
                               Lee S. Brenner
                               Meaghan H. Kent (*pro hac vice* pending)
                               Alicia M. Sharon
                               Attorneys for Plaintiff
                               MATTEL, INC.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900